Judgment affirmed, with costs to respondents payable out of the fund; no opinion.

Concur: CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: HISCOCK, Ch. J.

WILLIAM STEVENS, Appellant, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Respondent.

*Carriers — freight charges — when railroad which carries merchandise to seaport under bill of lading providing for transportation to foreign land entitled to freight charges though owing to damage from fire merchandise could not be transported further and so much as was salvaged was there sold.*

Stevens v. Atchison, T. & S. F. Ry. Co., 207 App. Div. 442, affirmed. (Argued October 23, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 28, 1923, in favor of defendant upon the submission of a controversy under sections 546 and 547 of the Civil Practice Act. The action was to determine the ownership of certain freight money held in escrow and claimed by defendant for transporting certain cotton consigned to Japan from Texas to San Francisco. When on the pier at the latter place the cotton was so damaged by fire that the steamship company on whose vessel it was to be shipped refused to receive it on the ground that there was danger of spontaneous combustion. The defendant thereupon tendered said salvaged cotton to the owners and consignees and demanded that they accept said salvaged cotton and pay freight charges for the inland transportation thereof. The owners and consignees refused to accept same, and demanded that the salvaged cotton be transported to Kobe, Japan, as originally contracted, or delivered to them at San Francisco, Cal., without payment of any freight charges whatsoever.

*George S. Brengle* for appellant.
*A. S. H. Bristow* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ. Not sitting: CRANE and LEHMAN, JJ.

---

HENRY D. BRANDYCE et al., Copartners under the Firm Name of H. D. BRANDYCE & COMPANY, Respondents, *v.* UNITED STATES LLOYDS, INC., Appellant.

*Insurance — proximate cause — marine insurance — loss by deterioration of merchandise which had to be unloaded from vessel in order to repair damage arising from collision constitutes a loss caused by a peril of the sea.*

Brandyce v. *U. S. Lloyds, Inc.*, 207 App. Div. 665, affirmed.

(Argued October 23, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 14, 1924, in favor of plaintiffs upon the submission of a controversy under sections 546 and 547 of the Civil Practice Act. The action was to recover under a policy of marine insurance by which the defendant insured a shipment of potatoes on the steamship *Corsicana* from New York consigned to Caibarien, Cuba. The vessel struck some unknown object and was damaged to such an extent that she had to put into Charleston, S. C., to make repairs. The shipment of potatoes here involved was not injured directly by the collision or touched by sea water, but in order to make the repairs, the cargo, including the potatoes, had to be discharged and held at the port of refuge until the repairs were completed and the vessel resumed her voyage. The potatoes, being perishable, were not able to stand the delay, and on the advice of surveyors, whose conclusions are not disputed, the potatoes were sold for upwards of sixty per cent of their sound value. It is agreed in the submission that "the only loss suffered, or which would have been suffered by them, was natural deterioration," and that the vessel completed her repairs and carried out the voyage. The question involved is whether loss by natural deterioration during a delay of the voyage